# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION, § § Plaintiff, § § v. § § DILMEN, LLC d/b/a CORAL § PREMIUM WATER FILTERS, § § Defendant. § § | Civil Action No. 2:15-cv-1722 |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), and for its Complaint for Patent Infringement of United States Patent No. 7,000,894 against Defendant Dilmen, LLC d/b/a Coral Premium Water Filters states as follows:

## PARTIES

1. Plaintiff Whirlpool is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan.

2. Defendant Dilmen, LLC d/b/a Coral Premium Water Filters ("Dilmen") is a limited liability company organized and existing under the laws of the state of Texas. It is assigned File Number 0802093087 by the Texas Secretary of State and has a principal place of business at 5700 Braxton Drive, Suite 100, Houston, Texas.

**JURISDICTION & VENUE**

3. The action arises under the patent laws of the United States, Title 35 United States Code. The jurisdiction of this Court is proper under Title 35 U.S.C. § 271, *et seq*. and Title 28 U.S.C. §§ 1331, 1332, and 1338.

4. Dilmen is a distributor and retail seller of replacement water filters for refrigerators.

5. Dilmen has offered for sale and sold throughout the United States Whirlpool-compatible replacement water filters that infringe United States Patent No. 7,000,894, such as water filters bearing Model No. C6841, which is a Whirlpool "Filter 3" design, and Model Nos. RFC1700A and C5730A, which are Whirlpool "Filter 1" designs. Dilmen has offered for sale and sold such infringing products through its website, www.coralfilter.com, and other on-line retail outlets such as Amazon.

6. Dilmen has offered for sale and/or sold Whirlpool-compatible refrigerator replacement water filters that infringe U.S. Patent No. 7,000894, such as Model Nos. C6841, RFC1700A and C5730A filters, to residents and citizens of Texas who reside within this district.

7. The Court has personal jurisdiction over Dilmen because it has advertised in Texas, including the Eastern District of Texas, the sale of infringing filters via the internet, and, on information and belief, Dilmen has offered for sale and/or sold the infringing products to customers in the state of Texas, including the Eastern District of Texas, thereby harming Whirlpool by offering to sell and/or selling infringing products in this district.

8. Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Dilmen has committed acts of infringement in this judicial district.

## COUNT I
## Infringement of U.S. Patent No. 7,000,894

9. Whirlpool restates and incorporates by reference paragraphs 1 through 8 as if fully stated herein.

10. On February 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,000,894 ("the '894 patent") entitled "Fluidic Cartridges and End Pieces Thereof." On March 3, 2014, the USPTO issued an ex parte reexamination certificate for the '894 patent. Appended as Exhibit A is a true and correct copy of the '894 patent, inclusive of the ex parte reexamination certificate.

11. Whirlpool is the owner by assignment of the entire right, title and interest in and to the '894 patent, including the right to sue and recover past, present, and future damages for infringement.

12. Whirlpool manufactures products that practice the '894 patent, including Whirlpool Filter 1 and Filter 3 refrigerator filters, and marks such products with the '894 patent.

13. Dilmen has been infringing the '894 patent by importing, offering for sale and/or selling water filters covered by at least claims 1 and 4 of the '894 patent.

14. Whirlpool has placed orders for and purchased from Dilmen, replacement water filters, Model Nos. RFC1700A, C6841 and C5370A. Photographs that are fair and accurate representations of the infringing filters, Model Nos. RFC1700A, C6841 and C5370A, are appended as Exhibit B. Upon receipt, the water filters Model Nos. RFC1700A, C6841 and C5370A were analyzed as against the claims of the '894 patent, and were determined to infringe at least claims 1 and 4 of said patent pursuant to Title 35, U.S.C. § 271(a), *et. seq.*

15. Dilmen was advised in writing on or about July 30, 2015 of its infringing activity and, further, was requested to cease and desist in such unlawful conduct.

16. As part of the correspondence to Dilmen on July 30, 2015, wherein Dilmen was advised of the infringing activity and requested to cease and desist, Whirlpool provided a copy of the '894 patent and, further, encouraged Dilmen to consult with legal counsel should there be any issue or question that the water filters being offered and sold were covered by the '894 patent.

17. Dilmen's offers for sale and sales of the replacement refrigerator water filters covered by the '894 patent were and continue to be without permission, authority, or license from Whirlpool. Further acts of infringement, unless enjoined by this Court, will continue to damage Whirlpool and cause irreparable harm to Whirlpool.

18. Dilmen has not stopped such unlawful conduct, and will continue infringing the '894 patent unless enjoined by this Court. True and correct copies of screen prints taken November 5, 2015 of infringing offers for sale by Dilmen doing business as "Coral Premium Water Filters" from Amazon.com are appended as Exhibit C.

19. Defendant Dilmen continues to offer for sale water filters covered by the '894 patent in reckless disregard of Whirlpool's legal rights and to Whirlpool's detriment. Dilmen's infringement of the '894 patent is, therefore, willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Whirlpool respectfully requests the following relief:

a. That the Court enter a judgment that Dilmen has infringed the '894 patent;

b. That the Court enter a judgment that the '894 patent is not invalid;

c. That the Court enter a judgment that the '894 patent is enforceable;

d. That the Court enter a permanent injunction preventing Dilmen and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and

those in active concert or participation with any of them, from engaging in infringing activities with respect to the '894 patent;

  e.  That the Court find Dilmen's infringement was willful;

  f.  That the Court award damages for the infringement to which Whirlpool is entitled;

  g.  That the Court treble the damages for Dilmen's willful infringement of the '894 patent;

  h.  That the court find this an exceptional case and award Whirlpool its costs and reasonable attorneys' fees under 35 U.S.C. § 285.

  i.  That the Court award interest on the damages; and

  j.  For any and all such other relief as this Court may deem appropriate.

Dated: November 6, 2015	Respectfully submitted,

By: /s/ *Melissa R. Smith*
Melissa R. Smith  (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

OF COUNSEL:

Jeffrey D. Harty  (IA AT0003357)
Ryan M. Leemkuil (IA AT0011129)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-8038
Facsimile:  (515) 283-3108
Email:    jharty@nyemaster.com
Email:    rwleemku@nyemaster.com

*Attorneys for Plaintiff*
**WHIRLPOOL CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, on November 6, 2015.

*/s/ Melissa Smith*
Melissa Smith